EXHIBIT A



SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HILLARY HICKS on behalf of herself, all others similarly situated, and on behalf of the general public

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

FEB 13 2018

BY _____
ASHLEE BAYLESS, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Bernardino <br><br> 247 West Third Street <br><br> San Bernardino, CA 92415 | **CASE NUMBER:** <br> *(Número del Caso):* CIVDS1803475 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121
(619) 234-2833

DATE: FEB 13 2018          Clerk, by     Ashlee Bayless          , Deputy
*(Fecha)*                  *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Neovia Logistics Distribution, LP

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
   Jill Vecchi, Esq. (299333)
2  Matthew Crawford, Esq. (310230)
   THE TURLEY & MARA LAW FIRM, APLC
3  7428 Trade Street
   San Diego, California 92121
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

5  Attorneys for HILLARY HICKS, on behalf
   of herself, all others similarly situated, and on
   behalf of the general public.

6

7

8

9

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

FEB 13 2018

BY _____
ASHLEE BAYLESS, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN BERNARDINO**

|  |  |
|---|---|
| 10  HILLARY HICKS on behalf of herself, all others similarly situated, and on behalf of the general public,<br><br>12  Plaintiffs,<br><br>13<br><br>14  v.<br><br>15  NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and DOES 1-100,<br><br>17  Defendants. | Case No. **CIVDS1803475**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Failure to Pay All Overtime Wages;**<br>3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 4-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 4-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>5) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203); and**<br>7) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

Plaintiff HILLARY HICKS, on behalf of herself, all others similarly situated, and on behalf of the general public, complains of Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES and for causes of action and alleges:

1.    This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, HILLARY HICKS, and all non-exempt, hourly workers who are presently or formerly employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2.    At all times mentioned herein, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have conducted business in San Bernardino County and elsewhere within California.

3.    At all times mentioned herein, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.    At all times mentioned herein, the common policies and practices of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES were a direct cause of Defendants' and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.    For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

6.    For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they worked, including before

clocking in for their work shift, after clocking out for their work shift, and during unpaid

meal periods. Further, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

LOGISTICS SERVICES, LLC; and/or DOES have had a continuous and widespread

policy to shave the time Plaintiff and those similarly situated worked (referred to as "time

shaving").

7.    For at least four (4) years prior to the filing of this action and through to the present,

Defendants   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

SERVICES, LLC; and/or DOES have had a continuous and widespread policy of

"clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods,

even though Plaintiff and those similarly situated were suffered and/or permitted to work

during these deduction periods, thereby deducting thirty (30) minutes of paid time,

including straight time and overtime.

8.    For at least four (4) years prior to the filing of this action and through to the present,

Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

SERVICES, LLC; and/or DOES have had a consistent policy and/or practice of failing to

provide all straight time and overtime wages owed to Non-Exempt Employees, as

mandated under the California Labor Code and the implementing rules and regulations of

the Industrial Welfare Commission's ("IWC") California Wage Orders.

9.    For at least four (4) years prior to the filing of this action and through to the present,

Defendants   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

SERVICES, LLC; and/or DOES have had a consistent policy of requiring Non-Exempt

Employees within the State of California, including Plaintiff, to work through meal periods

and work at least five (5) hours without a meal period and failing to pay such employees

one (1) hour of pay at the employees' regular rate of compensation for each workday that

the meal period is not provided, or other compensation, as required by California's state

wage and hour laws, and automatically deducting a half hours pay from their wages.

10.   For at least four (4) years prior to filing of this action and through the present, Defendants

NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

11.   For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12.   For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

13.   For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have had a consistent policy and/or practice of failing to provide Plaintiff and its Non-Exempt Employees with cool down recovery periods in accordance with California Code of Regulations, Title 8, section 3395.

14.   For at least four (4) years prior to the filing of this action and through to the present, Defendants NEOVIA LOGISTICS DISTRIBUTION. LP; NEOVIA LOGISTICS

SERVICES, LLC; and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

15. For at least four (4) years prior to the filing of this action and through to the present, Defendants    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES employ or who were terminated.

16. For at least four (4) years prior to the filing of this action and through to the present, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

17. Throughout the statutory period, NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

18. Throughout the statutory period, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

19. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing

1    in wage statements all hourly compensation and accurately reporting total hours worked

2    by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed

3    class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor

4    Code section 226(b).

5    20.   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

6    and/or DOES have failed to comply with IWC Wage Order 4-2001(7) by failing to

7    maintain accurate time records showing hourly compensation, when the employee begins

8    and ends each work day and total daily hours worked by itemizing in wage statements and

9    accurately reporting total hours worked by Plaintiff and members of the proposed class.

10   21.   NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES,

11   LLC's; and/or DOES' failure to retain accurate records of total hours worked by Plaintiff

12   and the proposed class was willful and deliberate, was a continuous breach of NEOVIA

13   LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or

14   DOES' duty owed to Plaintiff and the proposed class.

15   22.   Throughout the statutory period, NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

16   LOGISTICS SERVICES, LLC's; and/or DOES' employees, including Plaintiff and

17   similarly situated Non-Exempt Employees, were not timely paid all wages owed to them

18   at the time of termination.

19   23.   Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

20   SERVICES, LLC; and/or DOES are and were aware that Plaintiff and members of the

21   proposed class were not paid all straight time and overtime wages owed, nor provided meal

22   and rest periods. Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

23   LOGISTICS SERVICES, LLC's; and/or DOES' denial of wages and other compensation

24   due to Plaintiff and members of the proposed class was willful and deliberate.

25   24.   Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

26   SERVICES, LLC; and/or DOES, each and collectively, controlled the wages, hours, and

27   working conditions of Plaintiff and the proposed class, creating a joint-employer

28

1    relationship over Plaintiff and the proposed class.

2    25.   Plaintiff HILLARY HICKS, on behalf of herself and all of NEOVIA LOGISTICS

3    DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' Non-

4    Exempt Employees, brings this action pursuant to California Labor Code sections 226,

5    subd. (b), 226.7. 510, 512, 515, 558, 1194, and California Code of Regulations, Title 8,

6    sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period

7    compensation, penalties, injunctive and other equitable relief, and reasonable attorneys'

8    fees and costs.

9    26.   Plaintiff HILLARY HICKS, on behalf of herself and all putative Class members made up

10   of NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES,

11   LLC's; and/or DOES' non-exempt employees, pursuant to California Business and

12   Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and

13   disgorgement of all benefits NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

14   LOGISTICS SERVICES, LLC; and/or DOES enjoyed from their failure to pay all straight

15   time wages, overtime wages, and meal and rest period compensation.

16   **I.    VENUE**

17   27.   Venue as to each Defendants, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

18   LOGISTICS SERVICES, LLC; and/or DOES, is proper in this judicial district, pursuant

19   to Code of Civil Procedure section 395. Defendants NEOVIA LOGISTICS

20   DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES conduct

21   business and commit Labor Code violations within San Bernardino County, and each

22   Defendants and/or DOES are within California for service of process purposes. The

23   unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated

24   within the State of California and within San Bernardino County. Defendants NEOVIA

25   LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or

26   DOES employ numerous Class members who work in San Bernardino County, in

27   California.

28

## II.  PARTIES

**A.  Plaintiffs.**

28.  At all relevant times, herein, Plaintiff HILLARY HICKS is and was a resident of California. At all relevant times, herein, she was employed by Defendants NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES within the last four (4) years as a non-exempt, hourly workers in California.

29.  On information and belief, Plaintiff and all other members of the proposed class experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

30.  On information and belief, Plaintiff and all other members of the proposed class experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

31.  On information and belief, Plaintiff and all other members of the proposed class experienced Defendants  NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' common company policies and/or practices of failing to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

32.  On information and belief, Plaintiff and all other members of the proposed class experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

33.  On information and belief, Plaintiff and all other members of the proposed class

1  experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

2  LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of failing to

3  provide cool down recovery periods.

4  34. On information and belief, Plaintiff and all other members of the proposed class

5  experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

6  LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of failing to

7  provide Non-Exempt Employees with accurate itemized wage statements. On information

8  and belief, Defendants s and/or DOES failure to provide to their Non-Exempt Employees,

9  including Plaintiff, with accurate itemized wage statements was willful.

10 35. On information and belief, Plaintiff and all other members of the proposed class

11 experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

12 LOGISTICS SERVICES, LLC's; and/or DOES' common company policies of failing to

13 timely compensate Non-Exempt Employees all wages owed upon termination. On

14 information and belief, Defendant's and/or DOES' failure to pay, in a timely manner,

15 compensation owed to Non-Exempt Employees, including Plaintiff, upon termination of

16 their employment with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

17 LOGISTICS SERVICES, LLC; and/or DOES was willful.

18 36. On information and belief, Plaintiff and all other members of the proposed class

19 experienced Defendants NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

20 LOGISTICS SERVICES, LLC's; and/or DOES' fraudulent and deceptive business

21 practices within the meaning of the Business and Professions Code section 17200, et seq.

22 37. Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational

23 Wage Order No. 4-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

24 **B.     Defendants**.

25 38. At all relevant times herein, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

26 LOGISTICS SERVICES, LLC; and/or DOES engage in the ownership and operation of

27 facilities which provide third party logistics services in the State of California.

28

39. NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC claim to work with "Some of the world's leading and most dynamic automotive, industrial, aerospace and technology companies" and "drive their business forward and achieve their transformation goals as they grow, scale and adapt to a changing global business environment". NEOVIA LOGISTICS, https://www.neovialogistics.com/, (last visited Feb. 7, 2018).

40. NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC were "founded in 1987 as Catepillar Logistics Services, supporting Catepillar and its customers as a provider of logistics services." *Id*. NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC became their own companies in 2012 and took on the NEOVIA name. *Id*. NEOVIA, now, claims to be "one of the world's leading third-party logistics companies, serving some of the best-known and most exciting companies." *Id*.

41. NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC offer their employees a work environment that "is agile, dynamic, and fast-paced – a place where the skills and ideas of every employee are valued". *Id*. NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC also claim to "demonstrate integrity, honesty, respect, transparency and follow through on [their] commitments, to inspire trust with each other." *Id*.

42. If NEOVIA LOGISTICS DISTRIBUTION, LP and NEOVIA LOGISTICS SERVICES, LLC honored all of these core values including integrity, honesty, respect and transparency with all of their employees as well as they do with their "best-known" and "exciting" customers, their employees would not have to fight for their hard-earned wages.

43. On information and belief, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

1   44.   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;
2         and/or DOES principal place of business is in the State of California.

3   45.   The true names and capacities, whether individual, corporate, associate, or otherwise, of
4         Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues
5         these Defendants by such fictitious names under Code of Civil Procedure section 474.
6         Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants
7         designated herein as a DOE is legally responsible in some manner for the unlawful acts
8         referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the
9         true names and capacities of the Defendants designated hereinafter as DOES when such
10        identities become known.

11  46.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or
12        DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or
13        DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto,
14        and the acts of each Defendants and/or DOES are legally attributable to the other
15        Defendants and/or DOES.

16  **III.   CLASS ACTION ALLEGATIONS**

17  47.   Plaintiff brings this action on behalf of herself and all others similarly situated as a class
18        action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to
19        represent a Class composed of and defined as follows:

20

21              All persons who are employed or have been employed by
22              Defendants in the State of California as hourly, Non-Exempt
23              workers during the period of the relevant statute of limitations.

24

25        Plaintiff also seeks to represent subclasses composed of and defined as follows:

26

27              All persons who are or have been employed by NEOVIA

28

LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendants.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who were deducted wages for meal periods.

48. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

49. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.**    **Numerosity.**

50.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES currently employ, and during the liability period employed, over fifty (50) employees, all in the State of California, in positions as hourly non-exempt employees.

51.    Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges NEOVIA LOGISTICS DISTRIBUTION, LP'S; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

**B.**    **Commonality.**

52.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(1)    Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

(2)    Whether NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)    Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 4-2001 or other applicable IWC

Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4) Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5) Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' employ or who were terminated.

(6) Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' employ or who were terminated.

(7) Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)   Whether NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' employ or who were terminated.

53.   The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

54.   Said common questions predominate over any individualized issues and/or questions affecting only individual members.

C.   **Typicality.**

55.   The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES, LLC's; and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

56.   Plaintiff HILLARY HICKS was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as HILLARY HICKS was subjected to the same unlawful policies and practices as all hourly non-exempt employees, her claims are typical of the class she seeks to represent.

D.   **Adequacy of Representation.**

57.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

58.   Plaintiff is ready and willing to take the time necessary to help litigate this case.

59.   Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the Class.

60.   Counsel who represent Plaintiff are competent and experienced in litigating large

1    employment class actions.

2    61.    Specifically, William Turley, Esq., David Mara, Esq., Jill Vecchi, Esq., and Matthew

3           Crawford, Esq. are California lawyers in good standing.

4    62.    Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a

5           featured speaker on many ACI Wage and Hour Class Action presentations and Consumer

6           Attorney of California Wage and Hour Class Action presentations.

7    63.    Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

8    64.    Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly

9           California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257

10          and *Williams v. Superior Court* (decided July 13, 2017).

11   65.    Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected

12          to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr.

13          Turley is currently on and has been a member of the Consumer Attorneys of California

14          Amicus Curie Committee for over 20 years.

15   66.    Mr. Turley has had over 100 legal articles published, including some on California Labor

16          Code.

17   67.    Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme

18          Court case, Brinker v. Superior Court and have been appointed as class counsel in many

19          California wage and hour cases, in both State Court and Federal Court.

20   68.    Mr. Turley testified before the California Senate in a committee hearing on September 3,

21          2015, regarding the new piece-rate bill, California Labor Code § 226.2.

22   69.    On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate

23          regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys

24          General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new

25          amendment to PAGA.

26   70.    The Turley & Mara Law Firm, APLC have the resources to take this case to trial and

27          judgment, if necessary.

28   71.    Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously

1    prosecute this case.

2    **E.    Superiority of Class Action.**

3    72.    A class action is superior to other available means for the fair and efficient adjudication of

4           this controversy. Individual joinder of all Class members is not practicable, and questions

5           of law and fact common to the Class predominate over any questions affecting only

6           individual members of the Class. Each member of the Class has been damaged and is

7           entitled to recovery by reason of NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

8           LOGISTICS SERVICES, LLC's; and/or DOES' illegal policies and/or practices of failing

9           to pay all straight time and overtime wages owed, failing to permit or authorize rest periods,

10          failing to provide meal periods, knowingly and intentionally failing to comply with wage

11          statement requirements, and failing to pay all wages due at termination.

12   73.    Class action treatment will allow those similarly situated persons to litigate their claims in

13          the manner that is most efficient and economical for the parties and the judicial system.

14          Plaintiff is unaware of any difficulties that are likely to be encountered in the management

15          of this action that would preclude its maintenance as a class action.

16   74.    Because such common questions predominate over any individualized issues and/or

17          questions affecting only individual members, class resolution is superior to other methods

18          for fair and efficient adjudication.

19   **IV.    CAUSES OF ACTION**

20          **FIRST CAUSE OF ACTION AGAINST NEOVIA LOGISTICS DISTRIBUTION,**
21          **LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES: Failure to Pay All**
            **Straight Time Wages**

22   75.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

23          and every other paragraph in this Complaint herein as if fully plead.

24   76.    Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those

25          similarly situated for all hours worked.

26   77.    It is fundamental that an employer must pay its employees for all time worked. California

27          Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

28

1   Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section
2   223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section
3   1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only
4   permits deductions from wages when the employer is required or empowered to do so by
5   state or federal law or when the deduction is expressly authorized in writing by the
6   employee for specified purposes that do not have the effect of reducing the agreed upon
7   wage.

8   78.   Plaintiff and those similarly situated Class members were employed by NEOVIA
9   LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or
10   DOES at all relevant times. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA
11   LOGISTICS SERVICES, LLC; and/or DOES were required to compensate Plaintiff for all
12   hours worked and were prohibited from making deductions that had the effect of reducing
13   the agreed upon wage.

14   79.   Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiff
15   and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and
16   all members of the Class work through their meal periods. Thus, NEOVIA LOGISTICS
17   DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES do not pay
18   Plaintiff and each and every member of the Class for all time worked each and every day
19   they work without a meal period and have time deducted.

20   80.   Plaintiff and those similarly situated Class members are informed and believe and thereon
21   allege that NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS
22   SERVICES, LLC; and/or DOES breached the legal duty to pay full wages to Plaintiff by
23   deducting a portion of the wages earned when Plaintiff's and the Class members' actual
24   time records indicate that a meal period was not taken. NEOVIA LOGISTICS
25   DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES did not
26   make reasonable efforts to determine whether the time deducted was actually worked as
27   reported by Plaintiff and Class members. NEOVIA LOGISTICS DISTRIBUTION, LP;

1      NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, without a reasonable basis,

2      presumed that actual reported hours had not been accurately reported. The conduct

3      complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing"

4      and is prohibited by law.

5  81.   Defendants and/or DOES have a continuous and consistent policy of not paying Plaintiff

6      and those similarly situated for all time worked, including before Plaintiff and those

7      similarly situated clock in for work shifts and after they clock out after work shifts.

8  82.   Defendants and/or DOES have a continuous and consistent policy of shaving the time

9      Plaintiff and those similarly situated work (referred to as "time shaving").

10  83.   Thus, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES,

11      LLC; and/or DOES shave/steal earned wages from Plaintiff and each and every member

12      of the Class each and every day they work. NEOVIA LOGISTICS DISTRIBUTION, LP;

13      NEOVIA LOGISTICS SERVICES, LLC; and/or DOES have not paid Plaintiff and the

14      members of the Class all straight time wages owed.

15  84.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct

16      result of Defendants 's and/or DOES' uniform policies and/or practices, Plaintiff and the

17      Class members have suffered, and continue to suffer, substantial unpaid wages, and lost

18      interest on such wages, and expenses and attorneys' fees in seeking to compel NEOVIA

19      LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or

20      DOES to fully perform their obligations under state law, all to their respective damage in

21      amounts, according to proof at trial.

22  85.   As a direct result of NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

23      LOGISTICS SERVICES, LLC's; and/or DOES' policy of illegal wage theft, Plaintiff and

24      those similarly situated have been damaged in an amount to be proven at trial.

25  86.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

26      below.

27      **SECOND CAUSE OF ACTION AGAINST NEOVIA LOGISTICS DISTRIBUTION,**

28      **LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES:** Failure to Pay All

**Overtime Wages**

87. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

88. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

89. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES failed to pay overtime when employees worked over eight (8) hours per day and when employees worked over forty (40) hours per week.

90. Plaintiff and those similarly situated Class members were employed by NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES at all relevant times. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES were required to compensate Plaintiff for all overtime hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

91. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 4-2001, item 3(A).

92. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to

compel NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

93.  WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION AGAINST NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 4-2001(11); Cal. Code Regs., tit. 8, § 11090)**

94.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

95.  Under California Labor Code section 512 and IWC Wage Order No. 4, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

96.  In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

97.  Under California Labor Code section 226.7, if the employer does not provide an employee

1    a meal period in accordance with the above requirements, the employer shall pay the

2    employee one (1) hour of pay at the employee's regular rate of compensation for each

3    workday that the meal period is not provided.

4  98.  NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

5    and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-

6    Exempt Employees who worked for work periods of more than five (5) consecutive hours.

7    As such, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

8    SERVICES, LLC; and/or DOES non-exempt employees were required to work over five

9    (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted

10    meal period within that time.

11  99.  NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

12    and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-

13    Exempt Employees for every five (5) continuous hours worked.

14  100.  NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS SERVICES,

15    LLC's; and/or DOES' business model is such that Non-Exempt Employees were assigned

16    too much work and insufficient help due to chronic understaffing to be able to take meal

17    periods. Thus, Non-Exempt Employees are not able to take meal periods.

18  101.  Throughout the statutory period, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

19    LOGISTICS SERVICES, LLC; and/or DOES had a pattern and practice of assigning too

20    much work to be completed in too short of time frames, resulting in Plaintiff and those

21    similarly situated not being able to take meal periods.

22  102.  NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

23    and/or DOES would not permit Plaintiff and the Class to take 30-minute meal periods

24    unless specifically scheduled by Defendants and/or DOES or unless Plaintiff and the Class

25    were expressly told to by Defendants and/or DOES. This routinely resulted in Plaintiff and

26    the Class members not being able to take a meal period, if at all, until after the fifth hour.

27  103.  NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

28

1    and/or DOES did not have a policy of providing a second meal period before the end of

2    the tenth hour.

3    104.    Failing to provide compensation for such unprovided or improperly provided meal periods,

4    as alleged above, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

5    SERVICES, LLC; and/or DOES willfully violated the provisions of Labor Code sections

6    226.7, 512, and IWC Wage Order No. 4.

7    105.    As a result of the unlawful acts of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

8    LOGISTICS SERVICES, LLC; and/or DOES, Plaintiff and the Class she seeks to represent

9    have been deprived of premium wages, in amounts to be determined at trial, and are entitled

10    to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,

11    pursuant to Labor Code section 226.7, and IWC Wage Order No. 4-2001. Plaintiff and the

12    Class she seeks to represent did not willfully waive their right to take meal periods through

13    mutual consent with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

14    SERVICES, LLC; and/or DOES.

15    106.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

16    below.

17
**FOURTH    CAUSE    OF    ACTION    AGAINST    NEOVIA    LOGISTICS
18    DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES:**
**Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order
19    No. 4-2001(12); Cal. Code Regs. Title 8 § 11090)**

20    107.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

21    and every other paragraph in this Complaint herein, as if fully plead.

22    108.    Under IWC Wage Order No. 4, every employer shall authorize and permit all employees

23    to take rest periods, "[t]he authorized rest period time shall be based on the total hours

24    worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major

25    fraction thereof." IWC Wage Order 4-2001(12). The time spent on rest periods "shall be

26    counted as hours worked for which there shall be no deduction from wages." *Id.*

27    109.    Under California Labor Code section 226.7, if the employer does not provide an employee

28    a rest period in accordance with the above requirements, the employer shall pay the

1     employee one (1) hour of pay at the employee's regular rate of compensation for each

2     workday that the meal period is not provided.

3  110.  At all relevant times, Defendants and/or DOES failed to authorize and/or permit rest period

4        time based upon the total hours worked daily at the rate of ten (10) minutes net rest time

5        per four (4) hours or major fraction thereof.

6  111.  In the alternative, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

7        SERVICES, LLC; and/or DOES business model was such that Non-Exempt Employees

8        were assigned too much work with insufficient help due to chronic understaffing whereby

9        Plaintiff and the Class had to work through their rest periods.

10  112.  Throughout the statutory period, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

11      LOGISTICS SERVICES, LLC; and/or DOES had a pattern and practice of assigning too

12      much work to be completed in too short of time frames, resulting in Plaintiff and those

13      similarly situated not being able to take rest periods.

14  113.  As a result of the unlawful acts of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

15      LOGISTICS SERVICES, LLC; and/or DOES, Plaintiff and the Class she seeks to represent

16      have been deprived of premium wages, in amounts to be determined at trial, and are entitled

17      to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,

18      pursuant to Labor Code section 226.7, and IWC Wage Order No. 4-2001.

19  114.  WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

20      below.

21      **FIFTH CAUSE OF ACTION AGAINST NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES:** Knowing and

22      **Intentional Failure to Comply with Itemized Employee Wage Statement Provisions**

23      **(Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, §**

24      **11040)**

       115.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

25      and every other paragraph in this Complaint herein as if fully plead.

26  116.  Labor Code section 226 subdivision (a) requires Defendants and/or DOES to, inter alia,

27      itemize in wage statements and accurately report the total hours worked and total wages

28

1    earned. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES,

2    LLC; and/or DOES have knowingly and intentionally failed to comply with Labor Code

3    section 226, subdivision (a), on each and every wage statement provided to Plaintiff

4    HILLARY HICKS and members of the proposed Class.

5    117.   Labor Code section 1174 requires NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

6    LOGISTICS SERVICES, LLC; and/or DOES to maintain and preserve, in a centralized

7    location, records showing the daily hours worked by and the wages paid to its employees.

8    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

9    and/or DOES have knowingly and intentionally failed to comply with Labor Code section

10   1174. The failure of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

11   SERVICES, LLC; and/or DOES, and each of them, to comply with Labor Code section

12   1174 is unlawful pursuant to Labor Code section 1175.

13   118.   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

14   and/or DOES failed to maintain accurate time records - as required by IWC Wage Order

15   No. 4-2001(7), and Cal. Code Regs., Title 8 section 11090 - showing, among other things,

16   when the employee begins and ends each work period, the total daily hours worked in

17   itemized wage statements, total wages, bonuses and/or incentives earned, and all

18   deductions made.

19   119.   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

20   and/or DOES have knowingly and intentionally failed to provide Plaintiff and the Class

21   members with accurate itemized wage statements which show: "(1) gross wages earned,

22   (2) total hours worked by the employee, . . . (4) all deductions, provided that all deductions

23   made on written orders of the employee may be aggregated and shown as one item, (5) net

24   wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

25   name of the employee and only the last four digits of his or her social security number or

26   an employee identification number other than a social security number, (8) the name and

27   address of the legal entity that is the employer and, if the employer is a farm labor

28

contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Labor Code section 226(a).

120.    As a direct result of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES unlawful acts, Plaintiff and the Class she intends to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

121.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**SIXTH CAUSE OF ACTION AGAINST NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

122.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

123.    Plaintiff HILLARY HICKS terminated her employment with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES.

124.    Whether Plaintiff HILLARY HICKS voluntarily or involuntarily terminated his employment with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, Defendants and/or DOES did not timely pay her straight time wages owed at the time of her termination.

125.    Whether Plaintiff HILLARY HICKS voluntarily or involuntarily terminated his employment with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, Defendants and/or DOES did not timely pay her overtime wages owed at the time of her termination.

126.    Whether Plaintiff HILLARY HICKS voluntarily or involuntarily terminated his employment with NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, Defendants and/or DOES did not timely pay her meal

1    and/or rest period premiums owed at the time of her termination.

2    127.    Numerous members of the Class are no longer employed by NEOVIA LOGISTICS

3    DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES. They were

4    either fired or quit NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA LOGISTICS

5    SERVICES, LLC's; and/or DOES' employ. NEOVIA LOGISTICS DISTRIBUTION, LP;

6    NEOVIA LOGISTICS SERVICES, LLC; and/or DOES did not pay all timely wages owed

7    at the time of their termination. NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

8    LOGISTICS SERVICES, LLC; and/or DOES did not pay all premium wages owed at the

9    time of their termination.

10    128.    Labor Code section 203 provides that, if an employer willfully fails to pay, without

11    abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5,

12    any wages of an employee who is discharged or who quits, the wages of the employee shall

13    continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or

14    until an action therefore is commenced.

15    129.    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

16    and/or DOES failed to pay Plaintiff HILLARY HICKS a sum certain at the time of her

17    termination or within seventy-two (72) hours of her resignation and have failed to pay those

18    sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203,

19    Plaintiff HILLARY HICKS is entitled to a penalty in the amount of her daily wage,

20    multiplied by thirty (30) days.

21    130.    When Plaintiff and those members of the Class who are former employees of NEOVIA

22    LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or

23    DOES separated from Defendants 's and/or DOES' employ, Defendants and/or DOES

24    willfully failed to pay all straight time wages, overtime wages, meal period premiums,

25    and/or rest period premiums owed at the time of termination.

26    131.    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

27    and/or DOES failure to pay said wages to Plaintiff HILLARY HICKS and members of the

28

1   Class she seeks to represent, was willful in that NEOVIA LOGISTICS DISTRIBUTION,

2   LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES and each of them knew the

3   wages to be due, but failed to pay them.

4   132.   As a consequence of NEOVIA LOGISTICS DISTRIBUTION, LP's; NEOVIA

5   LOGISTICS SERVICES, LLC's; and/or DOES' willful conduct in not paying wages owed

6   at the time of separation from employment, Plaintiff HILLARY HICKS and members of

7   the proposed Class are entitled to thirty (30) days' worth of wages as a penalty under Labor

8   Code section 203, together with interest thereon and attorneys' fees and costs.

9   133.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

10   below.

11   **SEVENTH NINTH CAUSE OF ACTION AGAINST NEOVIA LOGISTICS

12   DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; AND/OR DOES:**
     Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)

13   134.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

14   and every other paragraph in this Complaint herein as if fully plead.

15   135.   NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

16   and/or DOES failure to pay all straight time and overtime wages earned, failure to provide

17   compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize

18   and keep accurate records, failure to pay all wages due at time of termination, as alleged

19   herein, constitutes unlawful activity prohibited by California Business and Professions

20   Code section 17200, et seq.

21   136.   The actions of NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

22   SERVICES, LLC; and/or DOES in failing to pay Plaintiff and members of the proposed

23   Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and

24   deceptive business practices, within the meaning of California Business and Professions

25   Code section 17200, et seq.

26   137.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful

27   practices in order to prevent future damage, for which there is no adequate remedy at law,

28

1    and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

2    members of the general public actually harmed and as a representative of all others subject

3    to NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

4    and/or DOES unlawful acts and practices.

5   138.  As a result of their unlawful acts, NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

6    LOGISTICS SERVICES, LLC; and/or DOES have reaped and continue to reap unfair

7    benefits at the expense of Plaintiff and the proposed Class she seeks to represent. NEOVIA

8    LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or

9    DOES should be enjoined from this activity and made to disgorge these ill-gotten gains

10    and restore Plaintiff and the members of the proposed Class pursuant to Business and

11    Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges,

12    that Defendants and/or DOES are unjustly enriched through their policy of not all wages

13    owed to Plaintiff and members of the proposed Class.

14   139.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the

15    proposed class are prejudiced NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA

16    LOGISTICS SERVICES, LLC; and/or DOES unfair trade practices.

17   140.  As a direct and proximate result of the unfair business practices of NEOVIA LOGISTICS

18    DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or DOES, and each

19    of them, Plaintiff, individually and on behalf of all employees similarly situated, are

20    entitled to equitable and injunctive relief, including full restitution and/or disgorgement of

21    all wages and premium pay which have been unlawfully withheld from Plaintiff and

22    members of the proposed Class as a result of the business acts and practices described

23    herein and enjoining NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

24    SERVICES, LLC; and/or DOES from engaging in the practices described herein.

25   141.  The illegal conduct alleged herein is continuing, and there is no indication that NEOVIA

26    LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and/or

27    DOES will cease and desist from such activity in the future. Plaintiff alleges that if

28

1    NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC;

2    and/or DOES are not enjoined from the conduct set forth in this Complaint, they will

3    continue the unlawful activity discussed herein.

4    142.    Plaintiff further requests that the Court issue a preliminary and permanent injunction

5    prohibiting NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS

6    SERVICES, LLC; and/or DOES from continuing to not pay Plaintiff and the members of

7    the proposed Class overtime wages as discussed herein.

8    143.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

9    below.

10   **V.    PRAYER FOR RELIEF** ·

11   WHEREFORE, Plaintiff prays for judgment as follows:

12       A.  That the Court determine that this action may be maintained as a class action;

13       B.  For compensatory damages, in an amount according to proof at trial, with interest

14           thereon;

15       C.  For economic and/or special damages in an amount according to proof with interest

16           thereon;

17       D.  For unpaid straight time and overtime wages, in an amount according to proof at trial,

18           with interest thereon;

19       E.  For compensation for all time worked;

20       F.  For compensation for not being provided paid rest breaks;

21       G.  For compensation for not being provided paid meal periods;

22       H.  For damages and/or monies owed for failure to comply with itemized employee wage

23           statement provisions;

24       I.  For all waiting time penalties owed;

25       J.  That Defendants be found to have engaged in unfair competition in violation of sections

26           17200 et seq. of the California Business and Professions Code;

27       K.  That Defendants be ordered and enjoined to make restitution to the Class due to their

28

1    unfair competition, including disgorgement of their wrongfully withheld wages
2    pursuant to California Business and Professions Code sections 17203 and 17204;
3    L.   That an order of specific performance of all penalties owed be issued under Business
4         and Professions Code sections 17202;
5    M.   That Defendants be enjoined from continuing the illegal course of conduct, alleged
6         herein;
7    N.   That Defendants further be enjoined to cease and desist from unfair competition in
8         violation of section 17200 et seq. of the California Business and Professions Code;
9    O.   That Defendants be enjoined from further acts of restraint of trade or unfair
10        competition;
11   P.   For attorneys' fees;
12   Q.   For interest accrued to date;
13   R.   For costs of suit and expenses incurred herein; and
14   S.   For any such other and further relief as the Court deems just and proper.
15
Dated:                          THE TURLEY & MARA LAW FIRM, APLC
16
17
18                              William Turley, Esq.
19                              David Mara, Esq.
                                Jill Vecchi, Esq.
20                              Matthew Crawford, Esq.
                                Representing Plaintiff HILLARY HICKS
21                              on behalf of herself, all others similarly situated,
                                and on behalf of the general public.
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT                    33